## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ALLIED TRUST INS. CO.**                    **CIVIL ACTION**

**VERSUS**                                   **NO: 22-2154**

**ATRELL BILLIOT**                           **SECTION: "H"**

### ORDER AND REASONS

Before the Court is Defendant Atrell Billiot's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) (Doc. 8). For the following reasons, this Motion is **DENIED**.

### BACKGROUND

This case arises out of an insurance coverage dispute over the extent of damage to Defendant Atrell Billiot's property caused by Hurricane Ida. Plaintiff Allied Trust Insurance Company issued a policy bearing No. 830847 to Defendant, which was in effect at all times relevant to this suit ("the Policy"). On September 1, 2021, Defendant reported losses from Hurricane Ida to Plaintiff. Plaintiff's investigation estimated $26,508.99 in losses, while Defendant's investigation estimated $123,293.24. As a result, Plaintiff invoked the appraisal provision of the Policy on May 3, 2022, to resolve the discrepancy ("Appraisal").[1] Under the terms of the Policy, Defendant was required to designate an Appraiser within 20 days.[2] When Defendant failed to do so, Plaintiff filed an action requesting a declaratory judgment that: (1) the appraisal provisions in the Policy are clear and unambiguous; (2) Defendant is

---

[1] Doc. 12-1.
[2] Doc. 1 at 3.

required by those provisions to participate in the Appraisal; (3) as part of the Appraisal, Defendant is specifically required to name a competent, impartial, and disinterested appraiser who is registered with the Louisiana Department of Insurance; (4) an Appraisal umpire must also be selected by this Court; and (5) the Appraisal must be completed as to all coverages.[3]

Now before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). Defendant moves for dismissal of the action, arguing that the Complaint is moot because Defendant agreed to Appraisal and designated his own appraiser. Plaintiff opposes the motion, stating Defendant has been non-compliant and that Appraisal is not yet complete.[4] Defendant responds in a reply memorandum that Appraisal has officially been completed and a binding appraisal award entered.[5]

## LEGAL STANDARD

An action should be dismissed as moot pursuant to Federal Rule of Civil Procedure 12(b)(1) "when the issues presented are no longer 'live' or the parties lack a cognizable interest in the outcome."[6] "[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation."[7] Thus, where "an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit [ ]' at any point during litigation, the action can no longer proceed and must be dismissed as moot."[8] A case

---

[3] Doc. 1 at 6.

[4] Doc. 12.

[5] Doc. 20 at 2.

[6] Los Angeles Cty. v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 498 (1969)).

[7] Kingdomware Techs., Inc. v. United States, 579 U.S. 162, 162–63 (2016) (quoting Already, LLC v. Nike, Inc., 569 U.S. 85, 90–91 (2013)).

[8] Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 161 (2016) (quoting Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 72 (2013)).

becomes moot if the following conditions are satisfied: "(1) it can be said with assurance that 'there is no reasonable expectation' that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."[9]

## LAW AND ANALYSIS

Defendant seeks to dismiss Plaintiff's Complaint as moot. Plaintiff opposes, stating that absent a court order, it fears Defendant will continue his pattern of noncompliance. Plaintiff seeks a declaratory judgment ordering "Defendant to participate in the appraisal process until completion."[10] In his reply memorandum, Defendant represents that Appraisal has now officially been completed and a binding award has been entered definitively establishing the amount of covered loss.[11] However, Defendant provides no evidence to the Court confirming this representation. While a binding Appraisal award would constitute an event that "completely and irrevocably eradicate[s] the effects of the alleged violation" and renders the case moot, because Defendant's assertion is unsubstantiated, this Court is unable to grant the Motion.[12]

## CONCLUSION

Based on the foregoing, the Motion to Dismiss is **DENIED**.


New Orleans, Louisiana this 4rd day of November, 2022.

---

[9] *Los Angeles Cty.*, 440 U.S. at 631 (quoting United States v. W. T. Grant Co., 345 U.S. 629, 633 (1953)).
[10] Doc. 12 at 5.
[11] Doc. 20 at 2.
[12] *Los Angeles Cty.*, 440 U.S. at 631.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**